IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MAURICE BLUITT | § | |
| v. | § | CIVIL ACTION NO. 6:15cv274 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Maurice Bluitt, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of the computation of his sentence. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Bluitt contends that he has a liberty interest in the work time he has earned, and as a result has completed his sentence. He argues that good time and work time are not synonymous because good time is awarded simply for refraining from misconduct while work time is given for work actually performed. Bluitt notes that good time and work time are computed separately on the TDCJ time calculation sheets and states that work time "turns speculation into mandatory language, setting criteria that is binding, definite, [and] has plain and ordinary meaning." He cites Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2014 (1979) in arguing he has an expectancy of release and thus a liberty interest in his work time. Bluitt also maintains that his incarceration record shows "atypical and significant characteristics" because he saves the prison tens to hundreds of thousands of dollars through the work he performs as a skilled electrician.

After review of the pleadings, the magistrate judge issued a report recommending that the petition be dismissed. The magistrate judge determined that under Texas law, good time and work time credits are the same, and neither of these operate to shorten the duration of a sentence; instead, they serve only to accelerate eligibility for release on parole or mandatory supervision. Ex Parte Hallmark, 883 S.W.2d 672, 674 (Tex.Crim.App, 1994, *reh. den.*). Bluitt is not eligible for release on mandatory supervision and Texas prisoners have no liberty interest in release on parole. Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 2008).

Bluitt's objections largely repeat the allegations of his complaint. He argues that he has a liberty interest in his good time credits, but this argument lacks merit because under Texas law, good time credits serve only to advance eligibility for parole or mandatory supervision. A liberty interest exists for mandatory supervision but not parole. Thus, any liberty interest in good time credits applies only to prisoners who are eligible for release on mandatory supervision, which Bluitt is not. Teague v. Quarterman, 482 F.3d 769, 777 (5th Cir. 2007).

Next, Bluitt states that the TDCJ time calculation sheet is a "state created document" and it "shocks the conscience" for the Court to hold this document is of no moment. The magistrate judge determined that the separate listings for "good time" and "work time" on the calculation sheet did not change the fact that under Texas law, work time is simply good time given for working. Tex. Gov. Code art. 498.003(d). Bluitt has not shown that the magistrate judge's conclusion was incorrect.

Bluitt contends that earned work time sentence reductions are not revocable once given to the prisoners, citing Vernon's Revised Civil Statutes, art. 6166x, which was repealed in 1989. In any event, as noted above, Texas law has consistently provided at least since 1977 that good conduct time, which includes work time, applies only to eligibility for parole or mandatory supervision. Ex Parte Hallmark, 883 S.W.2d at 674, *citing* Vernon's Revised Civil Statutes, art. 6181-1 (since replaced by Tex. Gov. Code art. 498.003).

2

Bluitt also argues that he is eligible for release on mandatory supervision because his offense took place under the 73rd Legislature, in 1993, meaning he should be bound by the 73rd Legislature's rules regarding "3(g)" offenses. He offers no facts in support of this claim. The Fifth Circuit has held that "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsubstantiated by anything else contained in the record, to be of probative evidentiary value." Ross v. Estelle, 694 F.2d 1008, 1011-12 and n.2 (5th Cir. 1983); *see* Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990). This objection is without merit.[1]

Finally, Bluitt contends that the State of Texas is violating both procedural and substantive due process rights and that the State of Texas falls under the authority of the federal government in the area of constitutionally protected rights such as due process and liberty interests. He has not shown any violation of procedural or substantive due process rights by the State of Texas because he lacks a liberty interest in release on parole, which is the only benefit accorded to him by his good time and work time. Bluitt has not identified any errors in the report of the magistrate judge and his objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the report of the magistrate judge (docket no. 9) is **ADOPTED** as the opinion of the District Court. It is further

---

[1] The law in effect under the 73rd Legislature provided that inmates convicted of offenses listed in Tex. Code Crim. Pro. art. 42.12, sec. 3(g) were ineligible for release on mandatory supervision. *See* Tex. Code Crim. Pro. art. 42.18, sec. 8(c) (Vernon 1992). The current law contains the same provision.

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Maurice Bluitt is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

**SIGNED this 21st day of October, 2015.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE